IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVID ALLEN ABYLA, PhD. a/k/a<br>DAVID ALLEN FITCH, | * | |
| | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. GLR-15-2670 |
| | | |
| SANDRA K. DALTON, Clerk, Circuit Court,<br>  Frederick County,<br>SOCIAL SERVICES, Frederick County<br>DEPT. OF AGING, Frederick County, | *<br><br>*<br><br>* | |
| Defendants. | | |

\*\*\*\*\*\*

**MEMORANDUM AND ORDER**

Plaintiff David Allen Abyla, a resident of Frederick, Maryland, seeks money damages and termination of guardianship. Plaintiff complains that the Frederick County Circuit Court has declared him incompetent, appointed a guardian for his person[1] and another guardian for his property,[2] and placed him in a nursing home.[3] Plaintiff also complains that nursing home personnel will not provide transportation to his church, thus restricting his freedom to practice his religion. (ECF No. 1). Accompanying the Complaint is Plaintiff's Motion for Leave to Proceed in Forma Pauperis (ECF No. 2), which establishes his indigence. The Motion will be granted, and the Complaint will be dismissed in part, for reasons to follow.

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005).

---

[1] Plaintiff's court-appointed guardian of his person is Carolyn True, Director of Frederick County's Department of Aging. Ms. True can be reached at 1440 Taney Avenue, Frederick, Maryland 21702.

[2] Jennifer Rankin, Esquire is the court-appointed guardian of Plaintiff's property. She can be reached at 113 East Church Street, Frederick, Maryland 21701.

[3] See Gordy v. Fitch, No. 10C14001435, Circuit Court for Frederick County, http://casesearch.courts.state.md.us/casesearch/inquiryDetail.jis?

They "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010). Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999) (citing McNutt v. Gen'l Motors Acceptance Corp., 298 U.S. 178, (1936)).

Furthermore, a court is to presume that a case lies outside its limited jurisdiction unless and until jurisdiction is shown to be proper. United States v. Poole, 531 F.3d 263, 274 (4th Cir. 2008) (citing Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. Robb Evans & Assocs., LLC v. Holibaugh, 609 F.3d 359, 362 (4th Cir. 2010); accord McBurney v. Cuccinelli, 616 F.3d 393, 408 (4th Cir. 2010).

Plaintiff asks this Court to compel certain actions by the state and/or its agents. These requests are akin to requests for a writ of mandamus. See 28 U.S.C. § 1361. Federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. A federal district court, however, has no mandamus jurisdiction over state employees, and cannot compel the Maryland state courts to dismiss guardianship proceedings or void a state court determination of incompetence requiring Plaintiff's commitment to a nursing home. See e.g., Gurley v. Superior Court of Mecklenburg Cty., 411 F.2d 586, 586–87 (4th Cir. 1969).

The decision by the state court finding Plaintiff incompetent and appointing a guardian is a matter over which the state court retains jurisdiction and power to issue orders and decisions to afford whatever relief may be necessary to protect the disabled person's best interests. See Wentzel v. Montgomery General Hosp., Inc., 293 Md. 685, 447 A.2d 1244 (1982) (noting that

courts of equity retain plenary jurisdiction), see also Md. Code Ann., Est. & Trusts § 13-704 (West 2015).  This Court is without jurisdiction to intervene in Frederick County Circuit Court decisions affecting guardianship over Plaintiff's affairs, and that portion of the Complaint requesting money damages and federal intervention into the propriety of his guardianship will be dismissed.

Some question remains regarding Plaintiff's claim that the nursing home has denied him transportation to his church, thus interfering with his religious freedom.  This claim may state a viable claim under the First Amendment.  It may also state a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA).  The Act provides in part that:

> [n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person-- (1) is in furtherance of a compelling government interest; and (2) is the least restrictive means of furthering that compelling government interest.

42 U.S.C. § 2000cc-1(a) (2012).[4]

At issue here is who is permitted to pursue a First Amendment or RLUIPA claim, given Plaintiff's adjudicated incompetence.[5]  Federal Rule of Civil Procedure 17(c)(2) states:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem.  The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action.

---

[4] While money damages cannot be obtained for violations under RLUIPA, see Lovelace v. Lee, 472 F.3d 174, 193 (4th Cir. 2006) (citing Madison v. Virginia (Madison II), 474 F.3d 118, 133 (4th Cir. 2006) (damages for those sued in official capacity); see also Rendelman v. Rouse, 569 F.3d 182, 189 (4th Cir. 2009) (damages for those sued in individual capacity), other equitable relief might be available.

[5] Once the matter of competency has been brought to the Court's attention, it is required to consider and decide the issue.  See Seibels, Bruce & Co. v. Nicke, 168 F.R.D. 542, 543 (M.D.N.C. 1996).

Here, there is undisputed evidence that Plaintiff has been adjudicated by a state Circuit Court to be incompetent to make responsible decisions concerning his person and property—the state court has appointed guardians both for his person and property. Given that they already are familiar with Plaintiff's condition and have been charged with protecting his personal and property interests, it would be appropriate to bring to the attention of the State Guardians the remaining issue in this lawsuit, and ask them to "assist the court in determining the propriety of [Plaintiff's] continued participation in the litigation" in this Court.  See Fonner v. Fairfax Cnty., Va., 415 F.3d 325, 330 (4th Cir. 2005).

Accordingly, it is this 14th day of October 2015, ORDERED that:

1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) is GRANTED;

2. Plaintiff's injunctive relief request mandating termination of guardianship is DENIED;

3. A copy of this Order and the accompanying Orders appointing guardians ad litem, as well as ECF No. 1, shall be mailed, certified mail, by the Clerk's Office to: (a) Ms. Carolyn True, Director of Frederick County Department of Aging and Guardian for the person of Mr. David Allen Abyla, a/k/a David Allen Fitch, 1440 Taney Avenue, Frederick, Maryland 21702; and (b) Jennifer Rankin, Esquire, 113 East Church Street, Frederick, Maryland 21701;

4. Ms. True and Ms. Rankin are requested to advise the Court, in writing, within 60 days of this Order, of their recommendations regarding the propriety of Plaintiff's continued participation in the litigation referenced above. In this regard, they are designated as guardians ad litem in this case and they are authorized under Federal Rule of Civil Procedure 17(c)(2) to take action on his behalf in this case. Separate Orders shall be issued to this effect; and

5. Until such time as Ms. True and Ms. Rankin have filed their recommendations, this case shall be STAYED.

                                             /s/
                                          George L. Russell, III
                                          United States District Judge